**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Paul Fix, et al., | ) | No. CV-13-00083-PHX-FJM |
| Plaintiff(s), | ) | **ORDER** |
| vs. | ) | |
| Union Pacific Railroad Company, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion to dismiss Counts 1 and 3 of plaintiffs' amended complaint (doc. 20), plaintiffs' response (doc. 25), defendant's reply (doc. 28), plaintiffs' motion for leave to file a second amended complaint (doc. 24), defendant's response (doc. 30), plaintiffs' reply (doc. 31), defendant's motion for leave to file an additional response (doc. 32), the proposed additional response (doc. 33), and plaintiffs' response (doc. 34).

Plaintiffs filed this action on January 14, 2013, and amended their complaint on April 30, 2013 (doc. 6). The first amended complaint ("FAC") alleges that in late June, 2010, defendant notified plaintiffs that it was closing a railroad crossing that plaintiffs had been using for ingress and egress to their property (the "Crossing"). The FAC consists of five counts: (1) prescriptive easement to use the Crossing for ingress and egress; (2) right-of-way easement; (3) private right of necessity under A.R.S. §§ 12-1201 and 12-1202, *et seq.*; (4)

easement by common law necessity; and (5) injunctive relief. On June 3, 2013, plaintiffs filed a motion to amend their complaint a second time. Defendant seeks to dismiss Counts 1 and 3 of the FAC, and opposes plaintiffs' motion to amend.

As an initial matter, we grant defendant's motion for leave to file an additional response to plaintiffs' motion to amend (doc. 32). We construe plaintiffs' response to defendant's motion (doc. 34) as a reply to defendant's additional response.

**I**

Defendant moves to dismiss Counts 1 and 3 of the FAC pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the grounds that plaintiffs have failed to state a claim upon which relief can be granted. When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 663, 129 S. Ct. 1937, 1940, 173 L.Ed.2d 868 (2009) (citation omitted). Dismissal may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In Count 1 of the FAC plaintiff seeks a prescriptive easement to use the Crossing. Defendant argues that Count 1 must be dismissed because in Tumacacori Mission Land Development, Ltd. v. Union Pacific Railroad Company, the Arizona Court of Appeals held that under Article XV, §10 of the Arizona Constitution, "a private party may not obtain a prescriptive easement over a railway." 228 Ariz. 100, 263 P.3d 649 (2011). We are not bound by rulings of the intermediate appellate courts in Arizona. On matters of state law, such as the creation of an easement, we are bound by definitive rulings of the Arizona Supreme Court. Vestar Development II, LLC v. General Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001) ("When interpreting state law, federal courts are bound by decisions of

the state's highest court."). In Curtis v. Southern Pacific Co., 39 Ariz. 570, 8 P.2d 1078 (1932), the Arizona Supreme Court upheld the right of private users to obtain a prescriptive easement over a railroad crossing that plaintiffs and their predecessors had used as a passageway for over nearly twenty years. Curtis has not been overruled or modified. Therefore, under Arizona law, plaintiffs' prescriptive easement claim is plausible on its face. We deny defendant's motion to dismiss Count 1 of the FAC.

Count 3 of the FAC claims a private right of necessity under A.R.S. §§ 12-1201 and 12-1202. Defendant argues that pursuant to A.R.S. §12-541(5), Count 3 is barred by the one-year statute of limitations because it is a claim based "[u]pon liability created by statute." Plaintiff contends that Count 3 should be treated as a common law cause of action that is continuing to accrue. "'A liability created by statute' is a liability which comes into being solely by statute, and one which had no existence prior to the enactment creating it." Maricopa Municipal Water Conservation Dist. No. 1 v. Warford, 69 Ariz. 1, 8, 206 P.2d 1168, 1172 (1949) (citation omitted). "The right to take private property for 'private ways of necessity' stems from Art. 2, Sec. 17 of the Constitution of Arizona." Solana Land Co. v. Murphey, 69 Ariz. 117, 122, 210 P.2d 593, 596 (1949). In Maricopa Municipal Water, the Arizona Supreme Court held that while an individual's right to property under Article 2, Section 17 of the Arizona Constitution is not self-executing, it is not a "liability created by statute." 69 Ariz. at 8, 206 P.2d at 1172. Accordingly, plaintiffs' claim for a private right of necessity is not subject to the one-year statute of limitations under A.R.S. §12-541(5). Defendant's motion to dismiss Count 3 of the FAC is denied.

**II**

Plaintiffs' second amended complaint ("SAC") adds factual detail and two new causes of action for property damage. Count 6 of the SAC alleges nuisance, and Count 7 alleges tortious interference with plaintiffs' property rights. Defendant argues that the two-year limitation under A.R.S. § 12-542(3) bars plaintiffs' new claims because those accrued as of June 2010, when they were notified that the Crossing was closing. Plaintiffs do not dispute

1   that A.R.S. § 12-542(3) governs Counts 6 and 7 of the SAC, but counter that the alleged
2   nuisance is continuing, and thus the statute of limitations did not begin to run in June 2010.

3   In Arizona, a nuisance is continuing "if it is one which can be abated, but the
4   defendant has failed continuously to abate it." Pinkerton v. Pritchard, 71 Ariz. 117, 126, 223
5   P.2d 933, 939 (1950). Where a nuisance is continuing in its nature, the statute of limitations
6   does not run from the date the tort begins. Garcia v. Sumrall, 58 Ariz. 526, 533, 121 P.2d
7   640, 643 (1942). "[T]he action may be brought at any time within two years of the last
8   trespass . . . and damages may be recovered for all of the statutory period prior to the
9   commencement of the action." Id.

10  Count 6 of the SAC alleges that defendant is creating a nuisance and trespassing on
11  plaintiffs' rights by placing barriers and a moat on both sides of the Crossing. Plaintiffs also
12  allege that they have demanded that defendant abate obstruction of the Crossing, but it has
13  refused to do so. Taking plaintiffs' allegations as true for purposes of the motion to amend,
14  we find defendant's actions constitute a continuing trespass. Therefore, the statute of
15  limitations on the nuisance claim did not begin to run in June 2010. Plaintiffs timely brought
16  Count 6 within two years of the last trespass.

17  Count 7 of the SAC alleges that defendant's actions intentionally interfered with
18  plaintiffs' business relationships. In Arizona, tort liability may be imposed on a defendant
19  who intentionally or improperly interferes with a party's business relationships. Snow v.
20  Western Sav. & Loan Ass'n, 152 Ariz. 27, 33, 730 P.2d 204, 211 (1986). Tort claims are
21  governed by a two year statute of limitations. See A.R.S. § 12–542. "[A] tort claim accrues
22  when a plaintiff knows, or through the exercise of reasonable diligence should know, of the
23  defendant's wrongful conduct." Taylor v. State Farm Mut. Auto. Ins. Co., 185 Ariz. 174,
24  177, 913 P.2d 1092, 1095 (1996). It is undisputed that in June 2010 plaintiffs received notice
25  that defendant was permanently closing the Crossing. At that point, plaintiffs knew or should
26  have known that defendant's conduct would affect their business. Therefore, the intentional
27  interference claim began to accrue in June 2010. Because plaintiffs did not file their

complaint until January 2013 (six months after the two-year statute of limitations expired), Count 7 is time-barred pursuant to A.R.S. § 12–542.

### III

**IT IS ORDERED DENYING** defendant's motion to dismiss Counts 1 and 3 (doc. 20).

**IT IS ORDERED GRANTING** defendant's motion for leave to file an additional response (doc. 32). **IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** plaintiffs' motion for leave to amend (doc. 24). It is ordered **GRANTING** amendments to Counts 2, 4, 5, and 6, and **DENYING** amendments to and dismissing Count 7. The claims remaining in this action are Counts 1, 2, 3, 4, 5 and 6 of the Second Amended Complaint.

DATED this 5th day of August, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge