**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA..

Paul Fix, et al.,                                  )    No. CV-13-00083-PHX-FJM
                                                   )
                    Plaintiffs,                    )    **ORDER**
                                                   )
vs.                                                )
                                                   )
                                                   )
Union Pacific Railroad Company,                    )
                                                   )
                    Defendant.                     )
                                                   )
                                                   )
_____ )

The court has before it defendant's motion for summary judgment (doc. 87), plaintiffs' response (doc. 91), defendant's reply (doc. 96), and plaintiffs' motion for summary judgment (doc. 89), defendant's response (doc. 94), and plaintiffs' reply (doc. 98). We also have before us defendant's motion to strike the affidavits of Geraldine Fix and John Utz (doc. 99), plaintiffs' response (doc. 102), and defendant's reply (doc. 103).

## I. Background

In 1998, plaintiff Geraldine Fix and non-party Elmo D. Murphy, "as co-trustees of the Murphy Family Trust," purchased a 53-acre lot located at 35507 West Interstate 8, west of Gila Bend, Arizona (the "Fix Property" or the "Property"). DSOF ¶1. The Property contained an empty steel building which Geraldine and her husband, Paul Fix, intended to use for their manufacturing business, All Seasons Energy. Paul Fix asserts that he operated All Seasons Energy from the Property continuously from 1998 until January 2010 when the

railroad crossing owned by defendant Union Pacific was closed (the "Crossing"). Plaintiffs contend that once the Crossing was closed, the Property became landlocked.

The Fix Property is bordered by Paloma Irrigation and Drainage District's canal to the south and west, private property to the east, and Union Pacific's railroad tracks to the north. State Route 85, which provides access to Interstate 8, is located 4 miles east of the Fix Property. DSOF ¶ 5. There is a 4.5 mile graded dirt road which runs parallel to the Canal south of the Fix Property connecting to State Route 85. Id. The dirt road runs through several privately owned parcels east of the Fix Property before reaching State Route 85. Id. The neighboring parcels were commonly owned until 1957 when the Fix Property was subdivided and sold. Id., ex. C.

Before January 6, 2010, the Crossing provided plaintiffs with access to Interstate 8. Plaintiffs acknowledge that there was neither a written nor oral agreement with Union Pacific regarding their use of the Crossing. On October 7, 2008, Union Pacific posted a Notice of Crossing Closure, indicating that the site was selected for closure and inviting interested parties to contract Union Pacific. On January 6, 2010, 15 months after the Notice was first posted, and having received no responses from any interested parties, Union Pacific employees removed the wood crossing panels on the track and dug out and removed the earth on the dirt approaches to the Crossing, making it impassable. DSOF ¶ 10. On September 15, 2010, 8 months after the closure, plaintiff Paul Fix sent a letter to Union Pacific requesting that the Crossing be reopened. Plaintiffs filed this action on January 14, 2013, claiming that they have acquired a prescriptive easement over Union Pacific's right of way. Plaintiffs contend that the Crossing has been used by plaintiffs and their predecessors for more than 80 years on a continual basis as the only ingress or egress to the Property, and that the closing of the Crossing has left the Property landlocked.

Plaintiffs present two claims for relief in their Third Amended Complaint (doc. 104). Count 1 asserts a claim for prescriptive easement, and Count 2 a claim for private way of necessity under A.R.S. §§ 12-1201 and 12-1202. Union Pacific filed a counterclaim seeking a declaration that plaintiffs do not have an easement or any other interest in the Crossing.

## II. Standing

Union Pacific first contends that it is entitled to summary judgment because plaintiffs lack standing.  Plaintiffs in this case are named "Paul and Geraldine Fix dba All Seasons Energy and Geraldine Fix Trust aka Murphy Family Trust dated March 14, 1985, Geraldine Fix, Trustee." Third Amended Compl.  Nevertheless, Union Pacific argues that there is no evidence showing that any named plaintiff is the owner of the Property and therefore all of plaintiffs' claims must be dismissed for lack of standing.

We agree with defendant that Paul and Geraldine Fix dba All Seasons Energy do not own the Property and therefore do not have standing to assert the claims in this case.  A tenant cannot assert a claim for a prescriptive easement.  "It is the landlord, the holder of fee title, who must assert any prescriptive rights that accrue as a result of the tenant's adverse use." Ammer v. Arizona Water Co., 169 Ariz. 205, 210, 818 P.2d 190, 195 (Ct. App. 1991). Only the owner of the fee title, the Murphy Family Trust, and Geraldine Fix as trustee, have standing to bring this action.

In support of her standing, Geraldine Fix submitted an affidavit stating that she is the trustee of the Murphy Family Trust, and that the Geraldine Fix Trust is also known as the Murphy Family Trust.  Union Pacific moves to strike the affidavit,[1] arguing that its contents were not properly disclosed (doc. 99).

We deny Union Pacific's motion to strike (doc. 99).  "An objection to (and any argument regarding) the admissibility of evidence offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing." LRCiv 7.2(m)(2).  Union Pacific's separate motion to strike violates LRCiv 7.2(m)(2) and it is therefore denied (doc. 99).  The Fix affidavit is properly considered in response to Union Pacific's standing challenge.  Under Rule 21, Fed. R. Civ. P., we may add or drop a party at any time upon just terms.  Misjoinder

---

[1]Union Pacific's motion to strike the John Utz affidavit is denied for the same reasons we deny the motion to strike the Fix affidavit.

1
2
3

is not a ground for dismissing an action.  The Third Amended Complaint and the Fix affidavit adequately demonstrate that Geraldine Fix, as trustee of the Murphy Family Trust, has standing to assert the claims presented in this case.

4

### III. Prescriptive Easement

5
6
7
8
9
10
11

The existence of a prescriptive easement is determined under Arizona law.  To acquire a prescriptive easement, a person must establish that (1) the land in question has actually and visibly been used for ten years, (2) that the use began and continued under a claim of right, and (3) the use was hostile to the title of the true owner of the land.  Paxon v. Glovitz, 203 Ariz. 63, 50 P.3d 420, 424 (Ct. App. 2002).  "If the use is permissive, it cannot ripen into an easement by prescription because it is neither 'hostile' nor 'adverse' to the owner's title."  Id.

12
13
14
15
16
17
18
19
20

Citing Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co., 228 Ariz. 100, 263 P.3d 649 (Ct. App. 2011), Union Pacific continues to argue that "a private party may not obtain a prescriptive easement over a railway."  We have already rejected this argument. (Doc. 41).  Curtis v. Southern Pac. Co., 39 Ariz. 570, 574, 8 P.2d 1078, 1079 (1932), expressly upheld the right of private users to obtain a prescriptive easement over a railroad crossing.  The case remains the definitive ruling of the Arizona Supreme Court.  Tumacacori, which broadly declared railways to be public highways for all purposes, was driven by an extraordinarily rigid approach to statutory construction.  Moreover, an intermediate appellate court is without authority to modify a holding of a court of last resort.

21
22
23
24
25

Paul Fix asserted that he used the Property continuously from 1998 until 2010, with intermittent use between 2006 and 2008 when his wife became ill.  He contends that he used the Crossing openly and continuously and under a claim of right in excess of ten years.  Mr. Fix's use as a tenant may be credited to the landowner (the Murphy Family Trust) in establishing the landowner's prescriptive right.  Ammer, 169 Ariz. at 195, 818 P.2d at 210.

26
27
28

Contrary to Mr. Fix's affidavit, Michael Mahoney, who lived and worked next door to the Property from 2006 to 2011, testified that the Property was unoccupied, vacant, and abandoned from 2006 to 2011.  Mr. Mahoney stated that he never witnessed any business

1   activity at the Property, and never saw anyone regularly use the Property or the Crossing.

2   Therefore, issues of fact exist as to whether the Fixes's use of the Property was sufficient to

3   create a prescriptive easement.  A jury must decide whether the Fixes's  use was continuous,

4   open, and hostile.  Both parties' motions for summary judgment on Count 1 are denied (docs.

5   87 and 89).

6   **IV.  Statutory Right of Necessity**

7          We similarly conclude that material issues of fact exists with respect to plaintiffs'

8   claim to a statutory right of necessity.  Under A.R.S. § 12-1202(A), a private landowner may

9   condemn and take lands of another when the land "is so situated with respect to the land of

10  another that it is necessary for its proper use and enjoyment to have and maintain a private

11  way of necessity."  A landowner seeking to condemn a private way of necessity over the

12  lands of another must show a "reasonable necessity" for the taking.  Solana Land Co. v.

13  Murphey, 69 Ariz. 117, 125, 210 P.2d 593, 598 (1949).  A statutory way of necessity "comes

14  into existence only if no other access exists by common law implication."  Bickel v. Hansen,

15  169 Ariz. 371, 375, 819 P.2d 957, 961 (Ct. App. 1991).  Where an adequate alternative

16  access is available, "the statutory way of necessity does not exist because the purportedly

17  landlocked land is not, in fact, hemmed in."  Id.  Landowners seeking condemnation have the

18  burden of proving the absence of an adequate alternative outlet.  Siemsen v. Davis, 196 Ariz.

19  411, 414, 998 P.2d 1084, 1087 (Ct. App. 2000).

20         The issue before us, therefore, is whether plaintiffs have an alternative outlet by

21  common law implication.  Plaintiffs do not dispute that there is alternative access to the

22  Property by way of a 4.5 mile dirt road across the neighboring parcels to the east of the

23  Property that connects to State Route 85.  There are two potential problems with this

24  alternative.  First, there is an issue whether the owners of the neighboring parcels are

25  required parties under Rule 19, Fed. R. Civ. P.  The neighboring property owners would not

26  be bound by a decision rendered in their absence.

27         Second, plaintiffs present evidence that the dirt road becomes flooded and impassable

28  several times a year during the monsoon season.  An alternative access will not foreclose a

statutory right of necessity if "the alternate route is unreasonable or inadequate." <u>Tobias v. Dailey</u>, 196 Ariz. 418, 422, 998 P.2d 1091, 1095 (Ct. App. 2000).  Although reasons such as convenience or expense alone "cannot form the basis for taking of the private property," <u>Bickel</u>, 169 Ariz. at 374, 879 P.2d at 960, if an alternate route is impassable during certain times of the year, it is not an adequate alternative.

Because material issues of fact exist as to the adequacy of the dirt road as an alternate route, Union Pacific's motion for summary judgment on Count 2 is denied.

### V.  Conclusion

**IT IS ORDERED DENYING** defendant's motion for summary judgment (doc. 87).

**IT IS ORDERED DENYING** plaintiffs' motion for summary judgment (doc. 89).

**IT IS ORDERED DENYING** defendant's motion to strike (doc. 99).

DATED this 22nd day of April, 2014.

Frederick J. Martone
Senior United States District Judge