**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Fix, et al., | No. CV-13-00083-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Union Pacific Railroad Company, | |
| Defendant. | |

In January 2013, Plaintiffs sued Union Pacific Railroad alleging that Union Pacific wrongfully closed a railroad crossing that provided the only access to their property in violation of their prescriptive easement. On April 22, 2014, we denied both parties' motions for summary judgment and this case was set for trial (doc. 107). Five days before trial was scheduled to begin, the parties notified the court that they had "settled all claims set forth in the subject Complaint and Counterclaim," and stipulated to the dismissal of the action with prejudice, each party to bear their owns costs and fees (doc. 127). Pursuant to the parties' stipulation, we entered an Order dismissing the action with prejudice back in May of 2014 (doc. 128).

Now before the court is Plaintiffs' motion to set aside the Order of dismissal (doc. 129), Union Pacific's response (doc. 135), and Plaintiffs' reply (doc. 138). Plaintiffs request that the Order be set aside due to (1) Union Pacific's material misrepresentations and

misconduct in connection with drafting the settlement agreement, and (2) Plaintiffs' former counsel's negligence in the performance of his duties by causing this matter to be dismissed with prejudice before a final, written settlement agreement was executed. Neither of these reasons supports a Rule 60(b), Fed. R. Civ. P., motion to set aside an order of dismissal.

In order to prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the [order of dismissal] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the [case]." DeSaracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000). Plaintiffs have not demonstrated by clear and convincing evidence that the Order of dismissal was obtained by fraud, misrepresentation or other misconduct. Instead, the parties, each represented by counsel, chose to voluntarily dismiss the action based on their understanding of the key terms to be included in the final settlement agreement. Any subsequent disagreement between the parties as to the exact nature of those key terms does not amount to clear and convincing evidence of fraud, misrepresentation or misconduct.

Either there was an accord which extinguished the underlying claims or there was not. If there was an accord, the claims no longer exist and setting aside the dismissal cannot revive them. The remedy for breach of the accord is a separate action against Union Pacific for breach of contract. If there was no accord, and Plaintiffs' counsel stipulated to dismiss prematurely, the remedy is a malpractice action against counsel. There was no client abandonment here and thus no basis for relief under Rule 60(b)(6), Fed. R. Civ. P.

**IT IS ORDERED DENYING** Plaintiffs' motion to set aside order of dismissal (doc 129).

DATED this 30th day of March, 2015.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 2 -